**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division**

**DAVID ADAMS,**

    **Plaintiff,**

v.                   No. 2:06cv257

**COMMISSIONER,
Social Security Administration,**

    **Defendant.**

**OPINION & ORDER**

  David Adams ("Mr. Adams" or "Plaintiff") brought this action, pro se, pursuant to 42 U.S.C. § 405(g). Plaintiff seeks judicial review of the Commissioner of Social Security's ("Commissioner" or "Defendant") July 12, 2005 decision, denying Plaintiff's application for Child's Insurance Benefits ("CIB") under Title II of the Social Security Act ("the Act") and Supplementary Security Income ("SSI") under Title XVI of the Act, on grounds of res judicata. Doc. 1. Defendant has filed a Motion to Dismiss for lack of jurisdiction (Doc. 5) and Plaintiff has filed several letters in opposition (Docs. 8, 9, 11). The Motion and attendant pleadings were referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) on July 19, 2006. Doc. 7. The Magistrate Judge issued his Report and Recommendation on August 7, 2006. The matter is therefore ripe for decision by the Court. Doc. 12.

  Mr. Adams has filed three (3) objections to the Magistrate Judge's Report and

Recommendation[1]: (1) "the previous determination has not become final by administrative or judicial action"; (2) "Plaintiff's prior application did not become final as a result of his failure to seek review of the January 29, 1999 decision"; and, (3) Plaintiff requested that his counsel file an appeal on the matter of his childhood benefits and she did not, and that she further misstated the dates of disability in court. Doc. 13.

Because the Record shows that the ALJ's decision was based on substantial evidence, Defendant's Motion to Dismiss is **GRANTED**.

## I. Procedural History and Factual Background[2]

The facts revolve around two applications for disability benefits filed by Plaintiff ten (10) years apart. On March 14, 1994, Plaintiff filed a his first application for Child's Insurance Benefits ("first application" or "1994 application"), through his father, Raymond M. Adams, Jr., alleging a disability onset date of December 24, 1989. Doc. 6, Ex. 1. Plaintiff's application was denied initially and on reconsideration. Id., Ex. A. A request for a hearing was timely filed and was granted. Id. The hearing was conducted on July 13, 1995. Id., Ex. 2. On October 21, 1995, an Administrative Law Judge ("ALJ") denied plaintiff's claim for CIB. Id., Ex. 3. On December 21, 1995, Plaintiff filed a request for review of the ALJ's decision. Id., Ex. 4. The Appeals Council vacated the ALJ's decision and remanded the case back to the ALJ for further

---

[1] The first two of objections are substantially similar and will be treated as one objection for purposes of this Court's analysis

[2] This procedural history does not reflect the complete procedural history as to Plaintiff, but only those proceedings relevant to the present Motion. The Court accepts as fact the procedural history and factual background set forth by the Magistrate Judge in his Report and Recommendation, insofar as they are not objected to by the Plaintiff. See 28 U.S.C.A. § 636(b)(1); Owens ex rel. Metcalf v. Barnhart, 2006 WL 2384706, *1 (D.S.C. 2006).

proceedings on June 8, 1998.  Id., Ex. 5.

On January 20, 1999, a second hearing was held before an ALJ.  Id., Ex. 6.  On January 29, 1999, the ALJ found that Plaintiff was partially disabled and entitled to SSI benefits as of May 1, 1996.  Id.  However, based upon the amended onset date of May 1, 1996, the ALJ further determined that Plaintiff was not entitled to a period of disability or Disability Insurance Benefits ("DIB") under Sections 216(I) and 223 of the Act, and not entitled to CIB under Sections 202(d) of the Act.  Id.  Plaintiff did not appeal the decision.  Id., Ex. A.

On April 1, 2004, Plaintiff filed the current application for CIB ("second application" or "2004 application"), alleging a disability onset date of March 1, 1977.  Doc. 6, Ex. 7.  The application was denied initially and on reconsideration.  Id., Ex. A.  On November 1, 2004, Plaintiff filed an untimely request for hearing, requesting that the decisions of October 21, 1995, and January 29, 1999, be reopened based on new medical evidence obtained from the Navy.  Id., Ex. 8.  On July 12, 2005, the ALJ dismissed Plaintiff's request for a hearing, finding that the medical evidence presented had been considered in the prior claim, and the new evidence, while not repetitive, did not support Plaintiff's allegations.  Id., Ex. 9.  The ALJ applied the doctrine of res judicata and determined that the current claim was barred from further consideration because it involved the rights of the same claimant, on the same facts and issues, that had been decided in Plaintiff's prior application.  Id.  On March 14, 2005, the Appeals Council denied Plaintiff's request for review.  Id., Exs. 10, 11.

On May 11, 2006, Plaintiff filed a Complaint in this Court, seeking judicial review of the dismissal of his claims for CIB, under Title II of the Act, and SSI benefits under Title XVI of the Act.  Doc. 1.  On July 14, 2006, Defendant filed a Motion to Dismiss for lack of jurisdiction

(Doc. 5), and on July 20 and 26, 2006 Plaintiff filed pleadings in the form of three (3) letters in opposition thereto (Docs. 8, 9, and 11).

The Motion and attendant pleadings were referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) on July 19, 2006. Doc. 7. The Magistrate Judge issued his Report and Recommendation on Defendant's Motion on August 7, 2006. Doc. 12.

## II. STANDARD OF REVIEW

### A. The Magistrate Judge's Report and Recommendation

The magistrate judge makes only a recommendation to the court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the court. Owens ex rel. Metcalf v. Barnhart, 2006 WL 2384706, *1 (D.S.C. 2006) (citing Mathews v. Weber, 423 U.S. 261, 269 (1976)). In a social security disability benefits case, the district court reviews de novo those portions of the magistrate judge's report and recommendation to which specific objection is made, and may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge, or recommit the matter to the magistrate judge with instructions. Id.; 28 U.S.C.A. § 636(b)(1).

Because Plaintiff's objection is grounded in the finite issue of whether the Commissioner's decision is final for purposes of this Court's jurisdiction, the Court will restrict its analysis to Plaintiff's objections. In light of the Magistrate Judge's comprehensive review of Plaintiff's case, all other factual and legal determinations made by the Magistrate have been adopted by the Court.

### B. Jurisdiction Under 42 U.S.C. § 205(g)

Sections 205(g) and (h) of the Act limit judicial review of final decisions arising under

Title II and Title XVI of the Act. The pertinent parts of Sections 205(g) and (h) state:

> (g) Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision . . .
>
> (h) The findings and decision of the Commissioner of Social Security after a hearing shall be binding upon all individuals who were parties to such hearing. No [] decision of the Commissioner of Social Security shall be reviewed by any person . . . except as herein provided.

The statute clearly indicates that a civil action is only permitted on claims arising under Title II or Title XVI to review the "final decision of the Secretary [Commissioner] made after a hearing." Califano v. Sanders, 430 U.S. 99, 108 (1977). The authority to determine what constitutes a "final decision" ordinarily rests with the Commissioner, since he has the ultimate responsibility for the integrity of the administrative program. See Mathews v. Eldridge, 424 U.S. 319, 330 (1976). "Congress' determination to limit judicial review to the original decision denying benefits is a policy choice obviously designed to forestall repetitive or belated litigation of stale eligibility claims." Califano, 430 U.S. at 108.

If after applying for disability benefits the state agency determines that a claimant is not disabled, the claimant may request de novo reconsideration by the agency within sixty (60) days of receipt of the adverse initial determination, and the determination becomes binding on him if he does not do so. See 20 C.F.R. §§ 404.904; 404.905; 404.909(a)(1); 416.1404; 416.1409(a). If the claimant is dissatisfied with the agency's decision after reconsideration, he is entitled to a hearing with the Commissioner, and he must request a hearing before an ALJ within sixty (60) days of receipt of the agency's decision. See 42 U.S.C. §421(d).

If the ALJ's decision is adverse to the claimant, the claimant may seek review by the Appeals Council, but the request must be made within sixty (60) days of the ALJ's decision. See 20 C.F.R. §§ 404.955(a); 404.968(a)(1); 416.1455(a); 416.1468. If the claimant does not seek judicial review of the determination, then the decision is binding. See 42 U.S.C. §§ 404.900(a)(5); 404.981, 416.1400(a)(5); 416.1481; 422.210.

### C. Administrative Res Judicata

A Commissioner may dismiss a request for hearing and decline to issue a "final decision" if the doctrine of res judicata applies because of a previous determination under this subpart regarding the claimant's rights on the same issue, and the previous determination has become final by administrative or judicial action. See 20 C.F.R. §§ 404.957(c); 416.1457(c); see also Cleaton v. Secretary, Dept. of Health and Human Servs., 815 F.2d 295, 300 (4th Cir. 1987) (finding the doctrine of administrative res judicata precluded award of benefits to Title II claimant based on the claimant's failure to exhaust administrative remedies in his first two applications). Additionally, a district court has no jurisdiction to review the Commissioner's res judicata determination, unless a colorable constitutional violation has been alleged. See Califano, 430 U.S. at 99; see also Brown v. Harris, 669 F.2d 911, 913 (4th 1981).

### D. Review of the Secretary's Decision

The role of the court in the administrative scheme established by the Social Security Act is a limited one. The court's review is restricted to a determination as to whether there is substantial evidence to support the ALJ's conclusion that plaintiff failed to meet the conditions for entitlement pursuant to the Act. See Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). Substantial evidence is "more than a mere scintilla" of evidence, but only such evidence "as a

reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)).

In reviewing for substantial evidence, the court does not undertake to re-weigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the Commissioner. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); Craig, 76 F.3d at 589. Rather, "[w]here conflicting evidence allows reasonable minds to differ as to whether the claimant is disabled, the responsibility for that decision falls on the Commissioner (or the [Commissioner's] designate, the ALJ)." Craig, 76 F.3d at 589. The denial of benefits will be reversed only if no reasonable mind could accept the record as adequate to support the determination. Richardson, 402 U.S. at 401. If substantial evidence exists for the Commissioner's findings, and those findings were reached through application of the correct legal standard, the conclusion must be affirmed. Craig, 76 F.3d at 589; Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir.1966). A denial of benefits is not supported by substantial evidence if the ALJ "has not analyzed all evidence and . . . sufficiently explained the weight he has given to obviously probative exhibits." Gordon v. Schweiker, 725 F.2d 231, 236 (4th Cir. 1984).

## IV. ANALYSIS

Plaintiff claims that this Court has jurisdiction over this matter because the ALJ's decision of January 29, 1999 "has not become final by administrative or judicial action." Doc. 13. Plaintiff also presents the new argument that the ALJ's denial of his second application should not have been denied because Plaintiff asked his attorney to file an appeal to the January

29, 1999 decision and she did not.[3] Id. In substantiating his objections, Plaintiff does not present any evidence or argument in support of these claims; rather, he asks that the Court review a July 2006 letter from a clinical psychologist with whom Plaintiff met in 1994 and 1998, which states the psychologist's opinion that Plaintiff has been disabled since birth. Id., Ex. A. Because Plaintiff has not shown that the ALJ's decision was not supported by substantial evidence, and this Court finds that his decision was reasonable in light of the record, Defendant's Motion to Dismiss for lack of jurisdiction is **GRANTED**.

As stated above, the role of this Court is to review the decision of the ALJ de novo for support in substantial evidence as it relates to specific objections made by Plaintiff. See Craig, 76 F.3d at 589. In the present matter, that means not that this Court should review whether the ALJ's 1999 decision denying Plaintiff's benefits was supported by substantial evidence, but that this Court should determine whether the ALJ was reasonable in denying Plaintiff's second application on grounds of res judicata. The Court's inquiry is thus limited to the issue of whether the 1999 decision was final as of the date of Plaintiff's second application.

Where an ALJ's decision is adverse to the claimant, the claimant may seek review by the Appeals Council, but the request must be made within sixty (60) days of the ALJ's decision. See 20 C.F.R. §§ 404.955(a); 404.968(a)(1); 416.1455(a); 416.1468. If the claimant does not seek judicial review of the determination, then the decision is binding. See 42 U.S.C. §§ 404.900(a)(5); 404.981, 416.1400(a)(5); 416.1481; 422.210. In pursuing his first petition for

---

[3]Plaintiff offers no evidence whatsoever in support of this objection and the Court finds no evidence in the record that this argument was presented to the ALJ in support of Plaintiff's second application for benefits. Accordingly, this objection is not within the limited role of the Court to determine whether the ALJ's decision was based on substantial evidence, because Plaintiff offered no evidence—and no argument—on this new claim.

benefits, Plaintiff followed the proper procedures for appeal, obtaining a partial granting of benefits on remand from the Appeals Council. Doc. 6, Ex. A. However, when the ALJ issued its decision pursuant to the Appeals Council's mandate, Plaintiff did not appeal the ALJ's decision within sixty (60) days. Id. Rather, he waited over five (5) years, until April 1, 2004, to file a second application and request a reopening of his prior application based on new evidence. Id. The decision of the Commission therefore became final on March 30, 1999, and this Court is without jurisdiction to reconsider this matter. 42 U.S.C. § 205(h).

Because the Commissioner's decision is final, the principles of res judicata are implicated if the Commissioner has "made a previous determination or decision under this subpart about [the claimant's] rights on the same facts and on the same issue or issues, and this previous determination or decision has become final by either administrative or judicial action." 20 C.F.R. § 404.957(c)(1) (1986). Plaintiff's prior application became final as a result of his failure to seek review of the January 29, 1999 decision. The ALJ further found that the second application revolved around the same facts and issues as those presented in the initial application. Further, any additional evidence submitted by Plaintiff in support of his second application was not "new and material evidence" different from that of his first application or otherwise warranting good cause to reopen his previous application, because the evidence had either been considered in the first application or it was not relevant to determination of Plaintiff's condition. Doc. 6, Ex. 9. The Court agrees.

The record shows that Plaintiff's second application is substantially similar to the first, addressing the same issues and facts considered by the ALJ in the course of the first application. Cf. Doc. 6, Exs. 1, 2; Doc. 6, Exs. 7, 8. The second application makes the same claims for

disability, during the same time period as was addressed in the first application. Id. The ALJ correctly weighed the additional evidence presented by Plaintiff and reasonably determined that this evidence was not new or material. Doc. 6, Ex. 9 at 3. Accordingly, the ALJ's decision was reasonably based in the record and the Plaintiff has cited no conflicting evidence that could have led the ALJ to determine otherwise.

Plaintiff asks this Court to further consider new evidence: a letter, dated July 19, 2006, drafted by a clinical psychologist familiar with Plaintiff's medical records and who examined Plaintiff in 1994 and 1998. Doc. 13, Ex. A. This letter, however, was not considered by the ALJ or Appeals Council.[4] See Doc. 6, Ex. A. Accordingly, the Court does not have authority to entertain this letter in deciding the present matter. See Craig, 76 F.3d at 589.

Because the Commissioner's 1999 decision is final and the 2004 application is a duplicate of the prior application, Plaintiff's second application was properly precluded on the grounds of res judicata. Cleaton, 815 F.2d at 300. Plaintiff has further made no colorable constitutional claims of any type, which might warrant a departure from the doctrine of res judicata. See Califano, 430 U.S. at 99; see also Brown v. Harris, 669 F.2d 911, 913 (4th 1981). Therefore, the Court is without jurisdiction to consider this matter. Defendant's Motion to Dismiss is thus **GRANTED**.

## V. Conclusion

After reviewing the record, it is clear that the ALJ carefully considered the proffered

---

[4]The Court notes that the psychologist's medical records were, however, considered by the ALJ in issuing his decision on the first application. Doc. 6, Ex. 3 at 3. The ALJ relies on the results of the psychologist's comprehensive psychological examinations, in which he found that the claimant could perform substantial gainful activity and a "variety of useful tasks in a highly structured setting." Id. (internal quotations omitted).

facts, evidence, and testimony. The Court **FINDS** that substantial evidence supports the ALJ's decision to deny Plaintiff's second application as barred by res judicata, and **GRANTS** Defendant's Motion to Dismiss for lack of jurisdiction.

The Clerk is **REQUESTED** to send a copy of this order to Plaintiff and all counsel of record.

Plaintiff is advised that he may appeal from this Opinion and Order by forwarding a written notice of appeal to the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510. Said written notice must be received by the Clerk within sixty (60) days from the date of this Opinion and Order. If Plaintiff wishes to proceed in forma pauperis on appeal, the application to proceed in forma pauperis is to be submitted to the Clerk, United States Court of Appeals, Fourth Circuit, 1100 E. Main Street, Richmond, Virginia 23219.

It is so **ORDERED**.

/s/
HENRY COKE MORGAN, JR.
SENIOR UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
January 8, 2007